ERIC GRANT
United States Attorney
CODY S. CHAPPLE
JOSEPH D. BARTON
CHAN HEE CHU
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BEST,<br><br>Defendant. | CASE NO. 1:22-CR-000241-JLT-SKO<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>DATE: April 27, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

## I. INTRODUCTION

Defendant Richard Best used his transloading company to steal $4.8 million worth of canola from agricultural feed suppliers. He is scheduled for sentencing after pleading guilty to conspiracy to commit wire fraud and wire fraud. Probation calculated his criminal history category to be I with a total offense level of 27, resulting in a guideline range of 70 to 87 months. Given the size of the fraud, Best's leadership role, and his repeated attempts to minimize his culpability, the government joins Probation and recommends a 70-month sentence.

## II. BACKGROUND

This case involved a scheme to defraud large agricultural companies by stealing thousands of tons of canola and other livestock feed products over several years. Between January 2015 and February 2017, Best conspired with his codefendant Shawn Sawa to steal approximately $4,800,000 worth of canola and other livestock feed ingredients from Best's suppliers. PSR ¶ 17.

Best owned and operated Richard Best Transfer, Inc. ("RBT"), a transloading company in Reedley, California. PSR ¶ 8. Agricultural suppliers shipped trainloads of canola and other livestock feed ingredients to RBT, where it was stored in large piles. *Id.* Trucks would then pick up the feed from RBT and transport it to dairies and cattle ranches throughout the Central Valley.

One of RBT's largest customers, Company One, began storing its canola at RBT in 2007. *Id.* Company One used inventory software to track how much product it had at RBT, and relied on inventory reports generated by RBT and onsite employees to visually inspect the product to verify the reports. PSR ¶¶ 9-10. Beginning in at least 2015, Best and Company's One's onsite employee, Shawn Sawa, exploited the inventory reports to secretly steal thousands of tons of canola.

They did this by recruiting a retired feed broker to sell the customer canola. PSR ¶ 16. At the direction of Best, the broker wired the proceeds from the sales of stolen canola into Sawa and RBT's bank account. *Id.* Best also made "kickback" payments to Sawa to ensure Company One increased its shipments of Canola to RBT. *Id.* Best and Sawa covered up the scheme by falsifying inventory reports and inspections while selling the stolen canola to Central Valley dairies and ranches. PSR ¶¶ 12–18.

On February 8, 2017, Company One received several customer complaints that there was no canola to pick up from RBT, despite the most recent inventory report showing approximately 11,000 tons—enough to fill 110 railcars—of canola at the facility. PSR ¶ 11. Initially, Best and Sawa tried to cover up the loss and blamed the rainy weather for the loss. PSR ¶ 9. The two secretly communicated about the cover-up through an old cellphone that previously belonged to Best's mother. ECF 20 at 14. They used this cellphone to avoid detection by Company One because Sawa's only other cellphone was a company phone. *Id.*

The scheme almost fell apart a year earlier when another feed supplier discovered it was missing 3,988 tons of its canola at RBT. PSR ¶ 18. In a phone call with that company, Best admitted to conducting a Canola Ponzi Scheme where he took the other company's canola to fill Company One's shipments that were missing because of his theft. *Id.* Best agreed to repay the company for the lost canola, which resulted in him successfully avoiding detection for another ten months.

In total, Best is accountable for the 11,000 tons of canola from Company One, valued at $3,520,000, and the 3,988 tons of canola used to replace Company One's stolen canola, valued at

$1,300,000. PSR ¶ 17. In total, Best is accountable for $4,820,000 in losses. *Id.*

In March 2017, the parties began a civil lawsuit for breach of contract and other claims involving the missing canola in Fresno County Superior Court. That case settled in September 2023 with both sides covering their own costs and neither side paying the other.

In 2022, a federal grand jury charged Sawa and Best with conspiracy to commit wire fraud and two counts of wire fraud in an indictment. ECF 1. It also charged Best individually with two counts of wire fraud. *Id.* at 6. In October 2025, Best pled guilty to one count of conspiracy to commit wire fraud in the indictment and both counts of wire fraud. ECF 70.

## III. SENTENCING RECOMMENDATION

Best's fraudulent conduct resulted in a substantial loss to his customers and a financial windfall for himself. He covered up the theft for several years, used his ownership position at his company to direct others in furtherance of the fraud, and controlled the product at his facility. He has maintained—despite pleading guilty to fraud—that he was entitled to the stolen product he sold under the nose of his customer. Because of this, the government recommends a 70-month prison sentence.

First, the losses were significant. Between 2015 and 2017, Best stole $4.8 million worth of canola from his customers. That is equivalent to approximately 15,000 tons of canola, or enough to fill over a hundred train cars worth of canola.

Second, Best was a leader and organizer of the conspiracy. the PSR correctly applied the Section 3B1.1 enhancement because Best was an organizer of the fraud and played a much bigger role than his co-defendant. Best controlled the facility, directed Sawa, provided Sawa with his deceased mother's cellphone to conceal their communications, and controlled payments to Sawa from the proceeds of their theft. Through his ownership of RBT, Best also directed staff to prepare and submit false reports. He knew the true inventory at his facility and took steps to cover up the fraud, including agreeing to pay back Company Two after it discovered Best had been stealing its canola to fill the missing canola from Company One. He also recruited the retired broker to sell the canola, directed the payments from the sale of the stolen canola, and kept the lion's share of the proceeds.

Third, Best has attempted to minimize his conduct throughout this case and after pleading guilty. Despite pleading guilty to defrauding his customers out of $4.8 million, Best maintains that he was entitled

to the 11,000 tons of canola he stole. The only evidence he points to is the result of his civil lawsuit with Company One. His conduct, however, contradicts this claim. If he were truly entitled to 11,000 tons, he would not have concealed the inventory levels at his facility and submitted false reports. He would not have taken Company Two's canola to fill Company One's missing canola. He concealed the truth because he was not entitled to sell his customer's product. He stole it through fraud. The PSR, therefore, correctly does not apply the reduction for acceptance of responsibility.

## IV. CONCLUSION

As set forth above, the Court should sentence Shawn Sawa to 70-month prison sentence. Such a sentence is substantively reasonable and sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Dated: April 22, 2026

ERIC GRANT
United States Attorney

By: /s/ CODY S. CHAPPLE
CODY S. CHAPPLE
JOSEPH D. BARTON
CHAN HEE CHU
Assistant United States Attorneys